IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BANKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> CITY OF PALOS HEIGHTS, BILL SULLIVAN, ) <br> DIANE ROSICH, THERESA HORVATH, FRANK ) <br> OSWALD, RICH JANZOW, WALTER BERNARD, ) <br> VIRGINIA CARPENTER, AND CHRIS NICHOLS, ) <br> and DOES 1-5, ) <br> Defendants. ) | Case No. 08 CV 3029 <br> Judge Suzanne B. Conlon <br> Magistrate Judge Schenkier <br><br> JURY DEMANDED |

## DEFENDANT, BILL SULLIVAN'S, MOTION TO ADOPT
## CO-DEFENDANTS' MOTION TO DISMISS

Now comes the Defendant, BILL SULLIVAN, by and through his attorneys, O'REILLY LAW OFFICES, LLC, and moves this Honorable Court for the entry of an Order allowing this Defendant to adopt the Co-Defendants', CITY OF PALOS HEIGHTS, DIANA ROSICH, THERESA HORVATH, FRANK OSWALD, RICHARD JANZOW, WALTER BERNARD, VIRGINIA CARPENTER, and KRIS NICHOLS, Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (attached hereto as Exhibit A).

In the event that this Motion to Dismiss is briefed, the Defendant, BILL SULLIVAN, requests the right to file a reply brief on his own behalf.

WHEREFORE, the Defendant, BILL SULLIVAN, prays that this Court enter an order allowing him to adopt the Co-Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, and further, in the event that the Motion to Dismiss is briefed, the Defendant, BILL SULLIVAN, requests the right to file a separate response brief.

        Respectfully submitted,

        O'REILLY LAW OFFICES


By: /s/ Molly M. O'Reilly
    Molly M. O'Reily
    O'REILLY LAW OFFICES
    1751 S. Naperville Rd., #101
    Wheaton, IL  60189
    Tel:  630/665-4444
    e-mail:  mollyoreillylaw@yahoo.com
    Attorney No. 6207408

12331-TRW,MMP          F:\Trw\12331\pldgs\Motion To Dismiss.wpd  ATTY # U.S. District Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BANKS, | |
| Plaintiff, | |
| vs. | No. 08CV03029 |
| CITY OF PALOS HEIGHTS, BILL SULLIVAN, DIANA ROCSICH, THERESA HORVATH, FRANK OSWALD, RICHARD JANZOW, WALTER BERNARD, VIRGINIA CARPENTER, and CHRIS NICHOLS, and DOES 1-5, | Judge Conlon<br><br>Magistrate Judge Schenkier |
| Defendants. | |

## MOTION TO DISMISS

NOW COME Defendants, CITY OF PALOS HEIGHTS, DIANA ROCSICH, THERESA HORVATH, FRANK OSWALD, RICHARD JANZOW, WALTER BERNARD, VIRGINIA CARPENTER and KRIS NICHOLS, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for the entry of an order dismissing Plaintiff's complaint against them. In support of said motion, Defendants state as follows:

## INTRODUCTION

The Plaintiff, WILLIAM BANKS, has filed a one count complaint asserting that he was terminated from his position as Chief Naturalist of the Lake Katherine Nature Center and Botanic Gardens on June 30, 2006. He claims that he was not afforded due process of law before being terminated and that his termination was "approved by the mayor and City council for Palos Heights." (Complaint, paragraph 18) In the Complaint, the Plaintiff neither identifies the mayor, nor any of the individuals comprising the city council for the City of Palos Heights. He does not



allege that any of the individuals named in the lawsuit hold the position of mayor or serve on the city council. (In fact, they do not.) The complaint, as plead, does not state a cause of action under §1983 for violation of the Plaintiff's due process rights and, more particularly, fails to state a cause of action against either the City or any of the individual Defendants named.

## ARGUMENT

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due." *Bell Atlantic Corp. v. Twombly*, ___U.S.___ 127 S.Ct., 1955, 1965-1966 (2007) (citations omitted). Moreover, "[i]f discovery is likely to be more than usually costly, the Complaint must include as much factual detail and argument as may be required to show that the Plaintiff has a plausible claim." *Limestone Development Corp. v. Village of Lemont*, 520F.3d 797, 803-804 (7th Cir., 2008).

In the employment context, as here, for a Plaintiff to establish whether he was denied due process when terminated, a court must conduct a two part inquiry, asking: "(1) whether the Defendants deprived the Plaintiff of a constitutionally protected liberty or property interest; and (2) if so, whether that deprivation occurred without due process of law." *Williams v. Senniff*, 342 F.3d 774, 787 (7th Cir. 2003), citing *Doe v. Heck*, 327 F.3d 492, 526 (7th Cir. 2003). Before determining whether the Plaintiff's termination occurred without due process of law, he must first establish that he has a constitutionally protected property interest in his job. For example, if he is simply an at-will employee, he has no property interest in his position and can not state

a due process claim. *Phelan v. City of Chicago*, 347 F.3d 679, 682 (7th Cir. 2003). In a case originally arising out of this court, the Seventh Circuit held that a Plaintiff must establish a "legitimate claim of entitlement" to the employment position to demonstrate a due process violation in the employment context. *Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 758 (7th Cir. 2002).

Here, the Plaintiff has not alleged that he had any type of protected property interest in his position as Chief Naturalist for the Lake Katherine Nature Center and Botanic Gardens. He has not alleged that he was anything other than an "at will" employee. His failure to do so, dooms his claim and it must be dismissed.

In addition to failing to set forth the most basic elements for a due process claim, the complaint is also deficient in that it does not describe what any of the individual Defendants did to support any claim against them. Eight individual Defendants are named in the lawsuit (including Bill Sullivan, which this office does not represent) and yet the complaint completely fails to identify what any of them are alleged to have done to support the claims against them. A complaint must always allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* at 1974.

" 'While federal notice pleading standards demand little of a § 1983 complaint, each defendant is entitled to notice of the wrongs with which he is charged.' *Nebel v. City of Burbank*, 2003 WL 1606087, *8 (N.D.Ill. Mar 27, 2003) (citing, *Watt v. City of Highland Park*, 2001 WL 109152, at *3 (N.D.Ill. Sept. 13, 2001). Because it is impossible for any of the named defendants to determine the nature of the allegations against them, the complaint must be dismissed.

3

Finally, as to the City of Palos Heights, the complaint must also be dismissed. To the extent that the Plaintiff has not described a protected property interest in employment in order to state a valid due process claim against the individuals, he likewise can not state make out such a claim against the City.

WHEREFORE, the Defendants, City of Palos Heights, Diana Rocsich, Theresa Horvath, Frank Oswald, Richard Janzow, Walter Bernard, Virginia Carpenter and Kris Nichols, respectfully request that this Court enter an order dismissing Plaintiff's complaint against them.

Respectfully submitted,

NORTON, MANCINI & WEILER

By: /s/ Thomas R. Weiler
Thomas R. Weiler

Thomas R. Weiler
Meredith M. Pate
NORTON, MANCINI & WEILER
111 West Washington Street
Suite 835
Chicago, IL 60602-2793
Tel: (312) 807-4999

## CERTIFICATE OF SERVICE

I hereby certify that on **July 29, 2008,** I filed the foregoing **Motion to Dismiss** by using the CM/ECF system, which sent notification of such filings to the following attorneys of record:

**Attorney for the Plaintiff**
Aaron Maduff
abmaduff@madufflaw.com
Christina Hatzidakis
cdhatzidakis@madufflaw.com
Maduff & Maduff, LLC
One East Wacker Drive-Suite 2122
Chicago, IL 60601
Tel#: (312) 276-9000

and a hard copy by e-mail to:

**Attorney for Bill Sullivan**
Molly O'Reilly
mollyoreillylaw@yahoo.com
O'Reilly Law Offices
1751 South Naperville Road-Ste. 101
Wheaton, IL 60187
Tel#: (630) 665-4444

By:  /s/ Thomas R. Weiler
     Thomas R. Weiler

NORTON, MANCINI & WEILER
Attorneys for Defendants
111 West Washington Street-Suite 835
Chicago, IL 60602-2793
(312) 807-4999
Attorney No. 06184955