IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Banks,<br>    Plaintiff,<br>v.<br><br>City of Palos Heights, Bill Sullivan, Diane Rosich, Theresa Horvath, Frank Oswald, Rich Janzow, Walter Bernard, Virginia Carpenter, and Chris Nichols, and Does 1-5,<br>    Defendants. | No. 08CV03029<br><br>Judge Conlon<br><br>Magistrate Judge Schenkier |

**PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, William Banks, by and through her[1] attorneys Christina D. Hatzidakis and Aaron B. Maduff of Maduff & Maduff, LLC, for her memorandum in opposition to Defendants' motion to dismiss, states as follows:

INTRODUCTION

Plaintiff's complaint satisfies the liberal notice pleading rules of federal court. It adequately notifies Defendants of Plaintiff's claim, and it provides sufficient facts describing when and how the claim arose. Plaintiff's complaint, while brief, is not required to state more detailed facts or legal elements.

LEGAL STANDARD

A court may not grant a motion to dismiss unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see Bell Atlantic Corporation v. Twombly*, __U.S.__, 127 S.Ct.

---

[1] Plaintiff has a feminine gender identity; hence, feminine pronouns are appropriate.

1

1955, 1969 (2007). In reviewing a motion to dismiss, this Court must accept all allegations as true and draw all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006).

## ARGUMENT

Plaintiff's complaint meets the liberal notice pleading requirements of Federal Rule 8(a)(2). Under this rule, a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This "short and plain statement" is satisfied "when the complaint pleads a bare minimum [of] facts necessary to put the defendant on notice of the claim so that he can file an answer." *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). A complaint need not be factually detailed, for "[i]t is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Id.* (citing *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) (internal quotations omitted).

In 42 U.S.C. § 1983 claims, a plaintiff must simply allege "that a government official, acting under color of state law, deprived [Plaintiff] of a right secured by the Constitution or laws of the United States." *Id.* It is sufficient if the complaint identifies the state action and the right the state action violated. *Beauty of Flowers v. City of Des Plaines*, 2007 WL 1521529, *3 (N.D.Ill.,2007) (allegations that a City's enforcement of an ordinance violated Plaintiff's first and fourteenth amendment rights are "all that is required to state a claim and survive a motion to dismiss...").

Plaintiff's complaint may fairly be read as notifying Defendants that they terminated Plaintiff without due process on June 30, 2006. Compl. ¶¶ 16, 17, 20. Although not factually detailed, Plaintiff has named the parties, identified Plaintiff's termination as the state action, stated that

Defendants acted under color of state law, and alleged that this action violated Plaintiff's right to due process, a right secured by the Constitution of the United States. These details refute Defendants' claim that it is "impossible" for them "to determine the nature of the allegations against them." Defs' M. to Dismiss at 3. Plaintiff has provided enough facts for Defendants to begin an investigation into procedures it should have afforded Plaintiff prior to Plaintiff's termination. This is the crux of Plaintiff's claim, and further details are not required at the pleading stage.

Defendants argue that Plaintiff failed to allege that Plaintiff had a protected property interest in her position, and that the alleged failure to do so "dooms" her due process claim. In doing so, Defendants confuse federal pleading requirements with Plaintiff's burden to establish the elements of her case at the trial or summary judgment stage.

Plaintiff is not required to set forth each element of her case at the pleading stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). A plaintiff must only plead a claim, or "grievance," not specific legal theories or facts. *Simpson v. Nickel*, 450 F.3d 303, 305 (7th Cir. 2006). All that is required is that Plaintiff's complaint contain either direct allegations or "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." 5 Federal Practice and Procedure § 1216 at pp. 121-23 (1969); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

In this case, Plaintiff will be required to show how she has a protected property interest at trial; it is not necessary to detail these facts at the pleading stage. Even if it were required, Plaintiff has done so by inference in paragraph 20 of her complaint. That paragraph refers to "Plaintiff's right to due process," and a fair inference from that statement is that Plaintiff had such a right. Similarly, Plaintiff's employment with a municipal entity for sixteen years also creates a (rebuttable) inference

of a due process right. Compl. ¶14, 16. Defendants' reliance on *Thompson v. Illinois Department of Professional Regulation* is inapplicable here because the plaintiff in that case admitted he had no property interest in the job, therefore he precluded his own due process claim. 300 F.3d 750, 758 (2002). Here, Plaintiff has made no such dispositive admission.

Defendants also argue that Plaintiff did not describe what the individuals Defendants did to support the claim against them. To the contrary, as stated above, Plaintiff's complaint may fairly be read to establish that Defendants terminated Plaintiff without due process. Compl. ¶ ¶ 16, 17, 20. Plaintiff is not required to plead further facts, since "[a]n obligation to allege some matter in a complaint does not entail an obligation to 'establish' that issue at the pleading stage; support of one's allegations comes later, in response to a motion for summary judgment or at trial." *Simpson*, 450 F.3d at 306.

Finally, Defendants' reliance on *Bell Atlantic Corporation v. Twombly* is misplaced. 127 S.Ct. 1955. That case, as well as another case Defendants cite, *Limestone Development Corp. v. Village of Lemont*, involved potentially complex litigation of antitrust and RICO cases. *Id.*, 520 F.3d 797 (7th Cir. 2008). Both cases involved a high likelihood that discovery would cost substantially more than in the typical case, and the Seventh Circuit explained that more specific factual pleading was necessary in those cases due to the unique complexity and costliness of the claims. *Limestone Development Corp.*, 520 F.3d at 803-04; *see Bell Atlantic*, 127 S.Ct. at 1967 (distinguishing federal antitrust cases from others). In contrast, Plaintiff's case is a simple due process claim with an uncomplicated set of facts. Discovery will not be substantial and will not cost more than in a typical case. Applying *Bell Atlantic* in this context goes directly against the Seventh Circuit's admonition that "*Bell Atlantic* must not be overread." *Limestone Development Corp.,*

520 F.3d at 803.

       WHEREFORE, Plaintiff William Banks, respectfully requests that this Honorable Court DENY Defendants' motion to dismiss.[2]

                                              Respectfully submitted,
                                              William Banks

                                              By: /s/ Christina Hatzidakis

Christina Hatzidakis
Atty. No. 06291617
Aaron B. Maduff
Atty. No. 06226932
Maduff & Maduff, LLC
One East Wacker Dr., Suite 2122
Chicago, Illinois 60601
Telephone: 312/276-9000
Fax: 312/276-9001

---

[2] Plaintiff respectfully requests an opportunity to amend the complaint if the Court determines that clarification is necessary.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Banks,<br>         Plaintiff,<br> v.<br>City of Palos Heights, Bill Sullivan, Diane Rosich, Theresa Horvath, Frank Oswald, Rich Janzow, Walter Bernard, Virginia Carpenter, and Chris Nichols, and Does 1-5,<br>         Defendants. | No. 08CV03029<br><br>Judge Conlon<br><br>Magistrate Judge Schenkier |

**CERTIFICATE OF SERVICE**

To:
Molly M. O'Reilly
O'Reilly Law Offices
1751 S. Naperville Rd., Suite 101
Wheaton, Illinois 60189

Thomas R. Weiler
Meredith M. Pate
Norton, Mancini & Weiler
111 W. Washington Street, Suit e835
Chicago, Illinois 60602

  I, Christina D. Hatzidakis, hereby certify that I served a copy of the Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss to the parties listed above by electronic filing before 5:00pm on Friday, August 8, 2008.

                  s/Christina D. Hatzidakis

Christina D. Hatzidakis
Atty. No. 6291617
Maduff & Maduff, LLC
One East Wacker, Suite 2122
Chicago, Illinois 60601
312/276-9000