IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 08 C 3029 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CITY OF PALOS HEIGHTS, BILL SULLIVAN, | ) | |
| DIANE ROSICH, THERESA HORVATH, | ) | |
| FRANK OSWALD, RICH JANZOW, WALTER | ) | |
| BERNARD, VIRGINIA CARPENTER, CHRIS | ) | |
| NICHOLS, and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

William Banks[1] sues the City of Palos Heights ("the city'), Bill Sullivan, Diane Rosich,

Theresa Horvath, Frank Oswald, Rich Janzow, Walter Bernard, Virginia Carpenter, Chris Nichols,

and Does 1-5. Banks alleges defendants fired her without due process of law in violation of 42

U.S.C. § 1983. Defendants move to dismiss the complaint. For the reasons set forth below, the

motion is granted.

## BACKGROUND

The following is derived from Banks's complaint. On April 23, 1990, the city hired Banks

as its chief naturalist for the Lake Katherine Nature Center and Botanic Gardens. Compl. ¶ 14. On

June 30, 2006, defendants fired Banks without due process. Compl. ¶¶ 3-11, 16-17. The city's

---

[1] Banks is a woman. Pl. Opp. Mem. n.1.

mayor and city council approved the termination or vested authority to approve the termination in other individuals.  Compl. ¶ 18.

## DISCUSSION

### I.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the complaint on the basis of a failure to state a claim upon which relief may be granted.  In ruling on the motion, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of the claim.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2).  This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65.  Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative.  *Id.* at 1965, 1974; *Tamayo*, 526 F.3d at 1083.

### II.   Sufficiency of the Complaint

Defendants argue Banks fails to state a § 1983 claim because she does not allege a protected property interest in her job.  To state a claim under § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived her of a right secured by the United States Constitution or laws of the United States.  *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007).  The due process clause of the fourteenth amendment to the United States Constitution prohibits states from depriving persons of life, liberty, or property without

2

due process of law. U.S. Const. amend. XIV, § 1. The deprivation of a property interest requires

procedural due process, *i.e.*, notice and an opportunity for a hearing appropriate to the nature of

the case. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 and n.7 (1972)

In the employment context, an employee is entitled to procedural due process only if she

has a property interest in, or a legitimate claim of entitlement to, continued employment. *Id.* at

577; *Thompson v. Ill. Dep't of Prof. Reg.*, 300 F.3d 750, 758 (7th Cir. 2002). A property interest

in a job may be created by a clearly implied promise of continued employment or by state law

securing certain benefits, such as a termination only for cause requirement. *Phelan v. City of*

*Chicago*, 347 F.3d 679, 681 (7th Cir. 2003); *Jones v. City of Gary*, 57 F.3d 1435, 1440-41 (7th

Cir. 1995). In contrast, an at-will employee with no promise of continued employment does not

enjoy a property interest in her job and may be terminated at any time for any reason without

notice or a hearing. *Mitchell v. Glover*, 996 F.2d 164, 167 (7th Cir. 1993); *Thompson*, 300 F.3d

at 758.

To state a procedural due process claim, therefore, a plaintiff must allege a property

interest in her job. *Phelan*, 347 F.3d at 682. For instance, in *Phelan*, a former City of Chicago

ward superintendent and police officer sued the City of Chicago for firing him without notice or a

hearing in violation of his due process rights. *Id.* at 681. Phelan alleged a property interest in his

job based upon local law, which provides procedures for termination of career service

employees. *Id.* at 681-82. The local law, however, explicitly exempts the positions of ward

superintendent and police officer from the procedures. *Id.* at 682. Phelan also alleged his

favorable performance evaluations and merit salary raises provided a promise of continued

employment. *Id.* These factors are not sufficient to show a property interest in continued

3

employment. *Id.* And, regardless, a City of Chicago employee could not make a promise

contrary to the local law. *Id.* Thus, the court held, even under the relaxed notice pleading

standards, Phelan's due process claim was properly dismissed for failing to plead a property

interest in his job. *Id.*

Similarly, in *Thompson*, the former chief administrative law judge for the Illinois

Department of Professional Regulation ("IDPR") sued IDPR alleging a § 1983 violation for

demoting and transferring him without procedural due process and in retaliation for exercising

his first amendment rights of political belief and association. 300 F.3d at 753. Thompson's

complaint was dismissed because his job description, which he attached to his complaint, showed

he was a policymaking official and could therefore be terminated, demoted, or transferred at will

for political reasons. *Id.* at 757-58. This doomed not only his first amendment claim, but also

his procedural due process claim because, as an at-will employee, Thompson had no property

interest in his job. *Id.* at 758; *see also Trask v. Rios*, No. 95 C 2867, 1995 WL 758410, at * 2

(N.D. Ill. Dec. 19, 1995) (Leinenweber, J.) (dismissing procedural due process count because

plaintiff failed to allege whether she had a right to continued employment or was merely an at-

will employee); *Shell v. Chicago Hous. Auth.*, No. 94 C 7632, 1995 WL 431255, at *4 (N.D. Ill.

July 20, 1995) (Lefkow, J.) (same).

Banks's complaint merely alleges that, at the time of her termination, she had been a chief

naturalist for sixteen years. Compl. ¶¶ 14, 16. She fails to identify whether she possessed a right

to continued employment under state or local law, or that she was promised continued

employment. She alleges no additional facts pertaining to the nature of her employment to

support a reasonable inference that she was anything more than an at-will employee. Banks

4

argues her allegation that defendants violated her due process right as provided by the fourteenth amendment in violation of § 1983 infers a right to continued employment. This allegation is nothing more than a legal conclusion. Absent an allegation that Banks had a legitimate claim of entitlement to continued employment by virtue of law or contract, Banks cannot state a plausible claim to relief.

Banks argues, without legal support, that her sixteen-year employment with the city creates a rebuttable inference of a property right. This is incorrect. The mere length of Banks's employment does not provide a right to continued employment. *Phelan*, 347 F.3d at 682; *Smith v. Bd. of Educ. of Urbana Sch. Dist. No. 116*, 708 F.2d 258, 264 (7th Cir. 1983). Banks fails to allege a constitutionally protected property interest in her job. Because she fails to state a due process violation, she fails to state a claim for municipal liability against the city.

Defendants also argue Banks's complaint should be dismissed because it fails to allege what the individual defendants did to violate Banks's constitutional rights. This is a closer issue. If Banks seeks to file an amended complaint, she shall specify each individual's unconstitutional conduct.

## CONCLUSION

Defendants' motion to dismiss the complaint is granted. Banks fails to plead an employment interest protected as property under the fourteenth amendment. The complaint is dismissed without prejudice.

ENTER:

Suzanne B. Conlon

August 26, 2008

Suzanne B. Conlon
United States District Judge