IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BANKS, | ) |
|                         Plaintiff, | ) Civil Action No.: 08 C 3029 |
| v. | ) Suzanne B. Conlon, Judge |
| CITY OF PALOS HEIGHTS, BILL SULLIVAN, DIANE ROSICH, THERESA HORVATH, FRANK OSWALD, RICH JANZOW, WALTER BERNARD, VIRGINIA CARPENTER, CHRIS NICHOLS, and ROBERT STRAZ, | ) |
|                         Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

William Banks sues the City of Palos Heights ("city"); city Mayor Robert Straz; Lake Katherine Nature Center and Botanic Gardens ("Lake Katherine") executive director Bill Sullivan; and Lake Katherine board of directors members Diane Rosich, Theresa Horvath, Frank Oswald, Rich Janzow, Walter Bernard, Virginia Carpenter, and Chris Nichols. Banks claims defendants fired her without due process of law in violation of 42 U.S.C. § 1983, and the city and Straz fired her in breach of an oral employment contract. Defendants move for summary judgment. Sullivan joins defendants' summary judgment motion and separately moves for summary judgment. Banks moves for summary judgment on her § 1983 claim. For the reasons set forth below, defendants' motion is granted, Banks' motion is denied, and Sullivan's motion is moot.

## BACKGROUND

**I.  Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. The movant must submit a statement of material facts, not to exceed 80 numbered paragraphs; each paragraph must identify affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(a)(3). The opposing party must respond to each numbered paragraph in the movant's statement including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(b)(3). The opposing party may also submit a statement of supplemental material facts, not to exceed 40, that require summary judgment denial. Local Rule 56.1(b)(3)(C).

**II.  Background**

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits. Lake Katherine is a nature preserve in Palos Heights, Illinois. On April 23, 1990, Banks began working for the city as its chief naturalist. Defs. Facts. ¶ 3; Pl. Facts ¶ 1. Until 2004, Lake Katherine was primarily financed through a tax increment financing ("TIF") district. Def. Facts ¶ 19. When the TIF funding ended, the city hired consultants to determine a plan for Lake Katherine's future financial stability. *Id.* ¶¶ 20-21. Pursuant to the consultants' recommendation, Lake Katherine became a not-for-profit organization, created a board of directors, and hired an executive director. *Id.* ¶¶ 23, 25.

The parties dispute whether the consultants recommended, and the city implemented, a Lake Katherine staffing reorganization. *Id.* ¶ 24; Pl. Resp. ¶ 24. According to defendants, all

full-time positions, including chief naturalist, were eliminated, and new positions, including natural resources manager, were created. Defs. Facts ¶ 32. Banks disputes that new positions were created because the job descriptions of the former and new positions are similar. Pl. Facts ¶¶ 4-5, 18. Banks applied for the natural resources manager position, and Sullivan interviewed her. Def. Facts ¶¶ 56, 58. The board approved Sullivan's recommendation to hire Gareth Blakesley as the natural resources manager. *Id.* ¶ 68. Banks' last day of employment was June 30, 2006. *Id.*

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (citing *Celotex Corp.*, 477 U.S. at 323). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Section 1983 (Count I)

Defendants argue Banks fails to establish a protected property interest in her job. To establish a § 1983 claim, a plaintiff must show that a government official, acting under color of state law, deprived her of a right secured by the United States Constitution or laws of the United States. *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007). The due process clause of the fourteenth amendment to the United States Constitution prohibits states from depriving persons of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. The deprivation of a property interest requires procedural due process: notice and an opportunity for a hearing appropriate to the nature of the case. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 and n.7 (1972)

In the employment context, an employee is entitled to procedural due process only if she has a property interest in, or a legitimate claim of entitlement to, continued employment. *Id.* at 577; *Thompson v. Ill. Dep't of Prof. Reg.*, 300 F.3d 750, 758 (7th Cir. 2002). A property interest in a job may be created by state law securing certain benefits, such as a termination only for cause requirement, or by a clearly implied promise of continued employment. *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003); *Jones v. City of Gary*, 57 F.3d 1435, 1440-41 (7th Cir. 1995). In contrast, an at-will employee with no promise of continued employment does not enjoy a property interest in her job and may be terminated at any time for any reason without notice or a hearing. *Thompson*, 300 F.3d at 758; *Mitchell v. Glover*, 996 F.2d 164, 167 (7th Cir. 1993).

Banks relies on the city's ordinance, the city's employee manual, and verbal assurances from city representatives as evidence of her property interest in continued employment. The

4

ordinance provides that the department director or the mayor may dismiss an employee at any time for just cause. Def. Facts, Ex. C(27), City Ord. § 37.26(A). Banks characterizes the ordinance's language as stating an employee may be dismissed *only* for cause. But the ordinance does not include the word "only." It provides an employee may be dismissed for cause. The language is permissive. *Lashbrook v. Oerkfitz*, 65 F.3d 1339 (7th Cir. 1995).

Lashbrook relied on a similarly worded employee manual provision for a purported property interest in his job. The manual provided that "Department Heads, with the approval of the Director, may dismiss any employee for just cause." *Id.* at 1347. Dismissal of Lashbrook's complaint was affirmed, *inter alia*, because the manual could not reasonably be read to mean that he could *only* be dismissed for cause. The language is permissive, not mandatory. *Id; accord Krieg v. Seybold*, 481 F.3d 512, 520 (7th Cir. 2007) (collective bargaining agreement provision that an employee's seniority terminates when she is discharged for just cause does not state that employees may be discharged only for just cause).

Under the ordinance, Banks could be dismissed for cause. But the ordinance does not require cause for termination. The ordinance's dismissal provision does not create a property right. The ordinance requires written notice to a dismissed employee of the reasons for the action; copies must be forwarded to the mayor and placed in the employee's personnel file. City Ord. § 37.26(A). Banks argues this provision buttresses her argument that the ordinance creates a property interest in her job. The written notice requirement does not change the analysis because notice and discharge procedures do not create a property interest. *Moss v. Martin*, 473 F.3d 694, 701 (7th Cir. 2007); *Heck v. City of Freeport*, 985 F.2d 305, 311 (7th Cir. 1993).

Banks fails to establish a genuine issue of material fact that the ordinance creates a property interest in her job.

The city's employee manual provides "[c]ity management may dismiss an employee at any time for cause." Defs. Facts, Ex. C(17), City's Employee Manual § 2.7. The permissive language does not create a property interest. *Krieg*, 481 F.3d at 520; *Lashbrook*, 65 F.3d at 1347; *Moss*, 473 F.3d at 701. The manual further provides the city "shall not discipline or discharge any post-probationary employee without cause." City's Employee Manual § 5.7. According to Banks, these provisions in conjunction demonstrate that post-probationary city employees, like herself, may be dismissed only for cause.

But the employee manual's introductory section states the manual is not intended to create an employment contract, and that employment generally may be terminated at any time, without or without cause. *Id.* § 1.1. Banks signed an acknowledgment that the personnel manual is not an express or implied employment contract, and does not create any employment contractual rights. *Id.*, Employee Acknowledgment Form. Comparable disclaimers were found sufficient to preclude the creation of an enforceable property right to a job. *See, e.g., Moss*, 473 F.3d at 700-02; *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 536 (7th Cir. 2002). Banks presents no genuine issue of material fact that the employee manual creates a property interest in her job.

Banks relies on verbal assurances from an unidentified city alderman and the city attorney, made early in her tenure of city employment, that her job was secure based on recent city council action. Pl. Facts ¶ 7. Banks provides no foundation for the statements, and does not establish the terms, timing, or context of the statements. The city's employee manual provides

6

that no representative, other than the city administrator, is authorized to enter into any agreement for a specific period of time, or to make any agreement contrary to the manual's provisions. City's Employee Manual § 1.1. An unauthorized employment contract may not create a property interest in continued employment. *Shlay v. Montgomery*, 802 F.2d 918, 921-22 (7th Cir. 1986) (corporations counsel's purported promise of career position to Shlay did not create property interest because corporation counsel did not have authority to create a career position for Shlay). Under these circumstances, Banks presents no genuine issue of material fact that he received a clearly implied promise of continued employment sufficient to create a property interest. Defendants are entitled to summary judgment on Banks' § 1983 claim.

Banks' argument that she was terminated without procedural due process need not be addressed because she fails to establish a genuine issue of material fact that she had a property interest in her job. *Mitchell*, 996 F.2d at 167. Defendants' remaining arguments need not be addressed.

### III. Breach of Oral Contract (Count II)

The city and Straz argue Banks fails to establish an oral contract for continued employment. Banks relies on the purported verbal assurances from a city alderman and the city attorney that her job was secure based on recent city council action. Pl. Facts ¶ 7. The terms of an oral employment contract must be clear and definite, and the contract must be supported by consideration. *McInerney v. Charter Golf, Inc.*, 680 N.E.2d 1347, 1349 (Ill. 1997). As discussed, Banks presents no genuine issue of material fact that she received a clear promise of continued employment.

Banks fails to establish consideration for the purported contract. She states she left her prior employment to work for the city. She presents no evidence regarding the nature or status of her prior employment. Merely foregoing other employment is not sufficient consideration to support a permanent employment contract because every person who accepts a job foregoes the possibility of another job. *Smith v. Bd. of Educ.*, 708 F.2d 258, 263-64 (7th Cir. 1983); *cf. McInerney*, 680 N.E.2d at 1349-50 (finding sufficient consideration where employee gave up lucrative job offer in exchange for lifetime employment). Banks fails to establish a genuine issue of material fact that she relinquished something of value in exchange for a promise of continued employment. The city and Straz are entitled to summary judgment on the breach of oral contract claim.

## CONCLUSION

Defendants' summary judgment motion is granted, and Banks' partial summary judgment motion is denied. Banks presents no genuine issue of material fact that she had a property interest in her job or an oral contract for continued employment with the city. Sullivan's separate summary judgment motion need not be resolved.

ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge

May 12, 2009

8